**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KEVIN P. O'CONNELL,

        Plaintiff,

    v.

KERN VALLEY STATE PRISON, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:11-cv-02163-BAM PC

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SURREPLY AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SURREPLY (ECF Nos. 38, 41)

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF NO. 29)

ORDER DENYING MOTION FOR 60-DAY EXTENSION OF TIME AS MOOT (ECF No. 43)

I.      **Procedural History**

      Plaintiff Kevin P. O'Connell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 30, 2011.  On July 18, 2012, pursuant to 28 U.S.C. § 1915A, the Court issued an order that this action shall proceed on Plaintiff's first amended complaint against Defendants Rodriguez, Northcutt, and Howard for excessive force in violation of the Eight Amendment, and assault, battery and negligence under California law.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

On November 20, 2012, Defendants filed a motion to dismiss for failure to exhaust administrative remedies.  Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition on December 14, 2012, and a duplicate opposition on December 20, 2012.  Defendants filed a reply on December 21, 2012.  Plaintiff filed a surreply on January 3, 2013.  Defendants filed a motion to strike the surreply on January 9, 2013.  (ECF No. 38.)  Plaintiff filed a motion for leave to file a surreply on January 18, 2013.  (ECF No. 41.)  On July 15, 2013, Plaintiff filed a motion for a sixty-day extension of this action.  (ECF No. 43.)  The motions are deemed submitted.  Local Rule 230(l).

**II.     Motion to Strike Plaintiff's Surreply and Plaintiff's Request for Leave to file a Surreply**

On November 30, 2012, Defendants filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies.  Plaintiff opposed the motion on December 14, 2012, and Defendants replied on December 21, 2012.  Plaintiff filed a surreply on January 3, 2013.  Defendants filed their motion to strike Plaintiff's surreply on January 9, 2013, arguing that it is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this Court and there is no valid reason for additional briefing on the motion to dismiss.

On January 18, 2013, Plaintiff filed a motion for leave to file a surreply, arguing that it is warranted because he raised new arguments and new requests in his surreply.  Plaintiff appeals to the Court's "sense of fair play and decency" and contends that he had limited access to the law library during the relatively short time to brief the motion to dismiss.

The Local Rules of this Court governing motions in prisoner cases do not provide for the submission of a surreply.  Local Rule 230(l).  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).  Defendants did not raise new arguments in their reply that required additional arguments from Plaintiff, Plaintiff did not seek leave to file a surreply before he actually filed it, and the arguments in the surreply do not alter the analysis below.  To the extent Plaintiff suggests that he required additional time to prepare his briefing, he should have applied to this Court for an extension of time.  Accordingly, the Court finds that Plaintiff's surreply is not authorized and should be stricken from the

2

record.  Therefore, Defendants' motion to strike is GRANTED, and Plaintiff's request for leave to file a surreply is DENIED.

**IV.     Motion to Dismiss for Failure to Exhaust Administrative Remedies**

        **A.     Legal Standard**

        Defendants argue that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a), subjecting the action to dismissal.  Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

        Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

        **B.     Grievance Procedure**

        The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1.  During the relevant time period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested.  Id. at § 3084.2(a).  At the time of the alleged incident, appeals had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level

decision.  Id. at § 3084.3.[1]  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.

## C.    Discussion

### 1.    Allegations in Plaintiff's First Amended Complaint

The events alleged in the First Amended Complaint occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff alleges that on June 23, 2010, he limped to the KVSP C-Facility medical department and requested a walking cane or crutches for his recently injured knee.  (ECF No. 17, ¶ 10.)  His request was denied and, while leaving the medical department, Plaintiff reinjured his knee and could not apply weight to his leg.  (Id. at ¶ 12.)  Plaintiff was then assisted into a wheelchair by Defendants Rodriguez and Northcutt and told that he would be pushed back to his assigned cell.  (Id. at ¶ 13.)  Once in the wheelchair, Plaintiff noticed that it did not have leg extensions or leg rests.  When Plaintiff voiced this fact, the officers told him that if he did not like the chair, then he could limp back.  Plaintiff remained in the wheelchair.  (Id. at ¶ 14.)  Defendants Rodriguez and Northcutt began pushing the wheelchair.  As it was moving forward, Plaintiff's injured leg jarred into the ground.  Plaintiff stood up and began moving away.  (Id. at ¶ 15.)  When Plaintiff was a few yards away, Defendants Rodriguez and Northcutt grabbed Plaintiff, slammed him onto the ground, and put their body weight on his back and head.  (Id. at ¶ 16-18.)  Defendant Howard grabbed Plaintiff's legs and began twisting them, pinning them to his back.  (Id. at ¶ 19.)  Defendants then handcuffed and hogtied Plaintiff to a gurney.  (Id. at ¶ 20.)

### 2.    Exhaustion of Eighth Amendment Claim

#### a.    Relevant Appeals

Defendants explain that CDCR organizes inmate appeals that allege the misuse of force under the category of "Staff Complaints."  (ECF No. 29-2, Declaration of DaViega ("DaViega Dec.") ¶ 5; Declaration of Lozano ("Lozano Dec.") ¶ 4.)  According to CDCR records, Plaintiff submitted only two inmate appeals that were categorized as Staff Complaints between June 23, 2010, when the

---

[1]      The regulations were amended in 2011.

alleged incident occurred, and December 30, 2011, when Plaintiff initiated this action.  (ECF No. 29-2, DaViega Dec. ¶¶ 4-5; Lozano Dec. ¶¶ 3-4.)  In the first appeal, designated as KVSP-10-01346, Plaintiff alleged that Correctional Officer G. Stailey made a derogatory statement toward him and struck him with a closed fist on June 24, 2010.  (ECF No. 29-2, DaViega Dec. ¶ 5 and Ex. A; Lozano Dec. ¶ 4 and Ex. A.)  In the second appeal, designated as KVSP-11-01367, Plaintiff alleged that Correctional Officer Escobedo struck his face with a closed fist on February 10, 2011.  (ECF No. 29-2, DaViega Dec. ¶ 5 and Ex. B; Lozano Dec. ¶ 4 and Ex. B.)  Neither of these appeals concerns the alleged incident of June 23, 2010, or Defendants Rodriguez, Northcutt or Howard.

### b.    Discussion

Defendants argue that Plaintiff did not submit an administrative appeal at any level of review regarding the allegations in this action at any point between the alleged incident and the filing of this action.  (ECF No. 29-2, DaViega Dec. ¶¶ 4-5 and Exs. A and B; Lozano Dec. ¶¶ 3-4 and Exs. A and B.)  Defendants also argue that Plaintiff acknowledges in his first amended complaint that he failed to exhaust CDCR's administrative appeal process and states that his appeal "was either inadvertently misplaced or intentionally delayed by administration and/or custody" and "inaccurately screened out."  (ECF No. 17, ¶ 24.)  Defendants further contend that Plaintiff did not take reasonable and appropriate steps to administratively exhaust his claim.

Plaintiff counters that he attempted to submit an administrative appeal regarding the allegations of excessive force multiple times in a "timely manner" and within the time constraints through both institutional mail in the suicide watch facility and institutional mail in Administrative Segregation.

Plaintiff's argument that he submitted a timely appeal is not supported by his exhibits.  Plaintiff's opposition contains two appeals regarding the alleged incident.  The first appeal was signed by Plaintiff on June 24, 2010, and the second appeal was signed by him on July 3, 2010.  (ECF No. 31, Ex. A.)  Although Plaintiff claims that he submitted the appeals in a timely manner, he does not identify when the appeals were actually submitted.  Upon review, the June 24, 2010 appeal contains an illegible KVSP date stamp, but includes a hand-written notation dated August 13, 2010, which states "Referred for s/c determination/Rejected."  (ECF No. 31, Ex. A.)  Additional exhibits submitted by Plaintiff indicate that the June 24, 2010 appeal was rejected for a violation of time constraints and was

reportedly rejected and returned to Plaintiff on August 16, 2010.  (ECF No. 31, Ex. C.)  That

Plaintiff's appeal was submitted in August 2010 and rejected at that time is consistent with the August

13, 2010 handwritten notation on the appeal.  In other words, it appears that Plaintiff's June 24, 2010

appeal was not submitted in a "timely manner" and was properly rejected by KVSP officials.  Tit. 15,

§ 3084.3(c)(6).  With regard to the July 3, 2010 appeal, there is no date stamp or other marking

indicating that CDCR ever received the appeal.  Accordingly, it cannot be considered timely.  The

exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective

appeal.  Woodford v Ngo, 548 U.S. 81, 83-84 (2006) (quotations omitted).

Insofar as Plaintiff refers the Court to his efforts to "track" his appeals, the cited exhibits do not

provide any evidence that he submitted a 602 regarding the use of force alleged in this action in a

timely manner.  The exhibits, which are comprised of letters from Plaintiff dated July 20, July 24, and

August 18, 2010, refer to an excessive force claim 602/appeal, but they do not identify the particular

incident of excessive force at issue.  (ECF No. 31, Ex. B.)  In other words, the letters could refer to a

different excessive force appeal, such as Plaintiff's appeal claiming that Correctional Officer G.

Stailey made a derogatory statement toward him and struck him with a closed fist on June 24, 2010.

Further, the exhibits do not contain any indication of when Plaintiff submitted a 602 appeal regarding

the incident at issue in this case and the exhibits do not provide evidence that Plaintiff attempted to

submit the 602 appeal within the time constraints required by regulation.

Plaintiff next asserts that the administrative appeals office refused to accept and log his

appeals, and that there is plausible evidence in the record from which to infer "collusion to forestall

the appeal exhausting requirement" and that his administrative remedies were "somehow obfuscated."

(ECF No. 31, pp. 5, 6.)  Plaintiff's argument is not supported by facts or evidence.  Rather, his claims

of collusion are based on mere conjecture and are contradicted by evidence that the KVSP appeals

office received his June 24, 2010 appeal, but it was rejected for violation of time constraints.  His

claim also is contradicted by evidence that he submitted several other inmate grievances, including

staff complaints, there were processed by the KVSP appeals office during the relevant time period.

(ECF No. 29-2, DaViega Dec. ¶¶ 4-5); see Crayton v. Hedgpeth, 2011 WL 1988450, at *7  (E.D. Cal.

May 20, 2011) (allegation that grievances were lost or destroyed is not sufficient to support the

inference that plaintiff's administrative remedies were wrongfully obstructed, particularly when many of plaintiff's grievances were recorded and responded to through the director's level of review). Plaintiff's references to the investigative reports of his alleged assault on the Defendants and the CDC-115 Rules Violation Report against him to suggest collusion are not persuasive.  The reports do not implicate the processing of his appeal.  (ECF No. 31, Ex. D.)

Plaintiff also argues that his medical problems warrant equitable tolling because he was confined to bed due to swelling of lower extremities during the relevant time period.  This argument is not persuasive.  As an initial matter, this argument is contradicted Plaintiff's assertion that he submitted a timely appeal.  This argument also is contradicted by record evidence indicating that Plaintiff submitted other appeals during the relevant time period.  Further, Plaintiff cannot demonstrate that the appeals process was unavailable due to his medical condition.

The PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable."  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).  Indeed, an inmate may be excused from the exhaustion requirement where the inmate took "reasonable and appropriate steps to exhaust his claim," yet was precluded from exhausting through no fault of his own.  Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).  In this case, there is no evidence that Plaintiff made a reasonable, good faith effort to exhaust his excessive force claim but was prevented from doing so because of his medical condition.  Sapp, 623 F.3d at 823; Nunez, 591 F.3d at 1224.  The record does not contain any evidence that Plaintiff's medical condition or confinement to bed prevented him from writing.  (ECF No. 31, Ex. E.)  The record also does not contain evidence that he sought assistance in filing a grievance due to his medical condition but was refused help.

Based on the above, the Court finds that Plaintiff has not exhausted his administrative remedies and that this action should be dismissed without prejudice

**V.     Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Defendants' motion to strike Plaintiff's surreply is GRANTED;

2.  Plaintiffs' request to file a surreply is DENIED;

3.  Defendants' motion to dismiss for failure to exhaust administrative remedies is GRANTED;

4.  This action is DISMISSED without prejudice for failure to exhaust; and

5.  Plaintiff's request for a sixty-day extension of time is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **August 14, 2013**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

8